IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CARLTON SIMPKINS, Individually and On Behalf of All Others, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 15-04295-CV-C-NKL |
| vs. | )<br>) **JURY TRIAL DEMANDED** |
| OAK GROVE 70 TRUCKSTOP, INC., | )<br>) |
| and | )<br>) |
| IOWA 80 GROUP, INC., | )<br>) |
| Defendants. | ) |

**ORDER**

The parties notified the Court that they reached a settlement in this case, and Plaintiff Carlton Simpkins filed an unopposed motion for preliminary approval of class settlement, to certify the class for purposes of settlement, and for approval of the proposed notice plan. [Doc. 33].

Rule 23(e) directs that the claims of "a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." A proposal that binds the class members may only be approved "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This generally involves a two-step process, in which the Court first makes a preliminary inquiry into the terms of the settlement. Once satisfied that there is a plausible basis to approve the settlement, the Court directs notice and solicits the views of class members. Following the close of any opt-out and comment deadline, the Court holds the hearing required by Rule 23(e) and issues a final finding on whether the settlement is fair,

reasonable and adequate. This case now comes to the Court on the first step – preliminary approval and issuance of a court-authorized notice of settlement.

The Court has reviewed the motion, the parties' Settlement Agreement, and the proposed notice of settlement, claim, and request for exclusion (opt-out) forms. The Court grants the motion, Doc. 33, and specifically finds and orders as follows:

1. The Settlement Agreement, including its provision for an award of attorneys' fees and costs to Class Counsel and an incentive award to Plaintiff, is preliminarily approved pending objections from Settlement Class members and approval from the Court, and on the condition that:

   a. The settlement checks will be good for 180 days rather than the 90 days provided in Paragraphs 4 and 5 in Doc. 33-2, p. 10; **and**

   b. The last sentence of Paragraph 5 "Residual Funds" is replaced with the following: *The parties shall report to the Court the sum of all checks that are undeliverable after one skip trace for the Court to make a final determination regarding whether a second distribution of the settlement to the located plaintiffs is feasible. If the Court determines that a second distribution is not feasible, the settlement funds remaining due to undelivered checks will be distributed to the parties' identified cy pres recipient, Goodwill Industries International, Inc.*; **and**

   c. The Notice document's "Do Nothing" box within the "Summary of Your Rights and Options" box, [Doc. 33-3, p. 1], is edited to replace the likely typo "bout" with "bound," so that it reads, "You will be *bound* by judgments and orders . . ."

2. There are two settlement classes (the "Settlement Classes") as defined below. Composition of the Settlement Classes in all cases shall be based exclusively upon Defendant's records.

3. The Settlement Classes are conditionally certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3).

a. The "Disclosure Class" shall include all employees or prospective employees of Defendants, during the claims period of November 9, 2013 and July 28, 2016, from whom Defendants obtained written consent, using an Inquirehire Disclosure and Authorization for Consumer Reports Form, to conduct a background check and upon whom Defendants subsequently obtained a background check subject to the consent.

b. The "Adverse Action Class" shall include all employees or prospective employees of Defendants in the United States that suffered an adverse employment action between November 9, 2013 and July 28, 2016, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

4. Any person who previously settled or released all of the claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, or any person who excludes him/herself from either class shall not be a member of the Settlement Class.

5. Jason Brown and Jayson Watkins are designated as Class Counsel for the Settlement Class. Carlton Simpkins is designated as the representative of the Settlement Class.

6. The form of the class notice attached to the parties' Settlement Agreement as Exhibit A, incorporating any such non-substantive changes as are agreed to by the parties, ("Notice") and the plan for dissemination specified in the Settlement Agreement, including appointment of a Settlement Administrator, are approved. Within 60 calendar days of this Order, the Settlement Administrator will mail the notice to each member of the Settlement Class by first class mail.

7. Pending the outcome of a final fairness hearing, all members of the Settlement Class are temporarily enjoined from commencing, prosecuting, or maintaining any claim already

asserted in, and encompassed by, the Action as defined in the parties' Settlement Agreement and/or based on released claims and against released parties.

8. All proceedings in this matter, except those related to approval of the settlement, are temporarily stayed.

9. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement, if the settlement is terminated in accordance with the Settlement Agreement or is not approved by the Court.

10. Neither the existence nor the terms of this Order shall be construed as an admission, concession, or declaration by or against Defendants or any released party of any fault, wrongdoing, breach, or liability, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, objections to class certification in the event that the Settlement Agreement is terminated or is not approved by the Court.

11. The Court will hold a final fairness hearing on May 30, 2017 at 11:00 a.m. in Courtroom 4A at 80 Lafayette St., Jefferson City, Missouri. Any Settlement Class member who wants to object to the settlement must submit an objection as stated in the Settlement Agreement and Notice. If any objector or objector's attorney wishes to appear at the fairness hearing, he/she must affect service of a notice of intention to appear as stated in the Settlement Agreement.

For the previous reasons, Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Doc. 33, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 26, 2017
Jefferson City, Missouri